MCV

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-184

QUASAR ENERGY GROUP, LLC,  )
                                       )

    Plaintiff  )
                                         )

v.  )
                                         )

VGBLADS, LLC and VILLAGE  )
GREEN BRUNSWICK LANDING,  )
LLC,  )
                                         )

    Defendants.  )

ORDER ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

STATE OF MAINE
Cumberland ss Clerk's Office

OCT 15 2018

RECEIVED
8:02 AM

Before the Court is Plaintiff quasar energy group, llc's motion for summary judgment. For the following reasons, Plaintiff's motion is granted.

## I. Background

### A. Procedural Background

On June 12, 2018, Plaintiff filed its motion for summary judgment, requesting the Court enter judgment on a debt on a promissory note. Plaintiff supported its motion with the affidavit of Melvin Kurtz, the President of quasar energy group, llc (*see* Kurtz Aff.); a copy of the Note (Kurtz Aff. Ex. A); and a copy of the notice of default and demand for payment sent to Defendants (Kurtz Aff. Ex. B).

On July 3, 2017, Defendants filed an opposition to Plaintiff's motion. Defendants argued summary judgment was inappropriate because the Note is not self-executing, and Plaintiffs failed to prove certain conditions precedent to execution of the Note. Specifically, the sole basis of Defendants' opposition was that Plaintiff failed to prove, as required pursuant to the terms of the Note, that 1) the money was loaned in the amount of $640,000, 2) Defendants' senior lenders approved the loan, and 3) final completion of the project occurred under the contract. While most of Defendants' responses to Plaintiff's statements of material fact were qualified on this basis,

**Plaintiff–Jacob Manheimer, Esq.**
**Defendants–Michael Bosse, Esq.**

Defendants admitted payment has not been made and did not submit any additional statements of material fact.

On July 12, 2018, in order to address the deficiencies noted in Defendants' opposition, Plaintiff filed a reply and included a supplemental statement of material facts and a supplemental affidavit of Melvin Kurtz. Rather than file a substantive response, on July 31, 2018, Defendants filed a motion to strike Plaintiff's supplemental materials. On August 7, 2018, the Court issued an Order stating that Plaintiff's filing of supplemental materials would be treated as a motion to supplement in accordance with M.R. Civ. P. 56(e) and directing Defendants to file any opposition to Plaintiff's motion to supplement and any substantive response to the supplemental materials within ten days. On September 6, 2018, the Court granted Defendants an additional seven days to file a response.

Defendants have not filed any further response to Plaintiff's reply to Defendants' opposition. Thus, each of Plaintiff's supplemental statements of material fact is deemed admitted. M.R. Civ. P. 56(h)(4). Because the deemed admissions fully address Defendants' objections to Plaintiff's original statement of material facts, the Court finds there is no genuine issue of material fact.

B. Facts

On or about April 30, 2015, Plaintiff and Defendants entered into a certain Engineering, Procurement and Construction Contract (the "EPC"), pursuant to which Plaintiff agreed to construct and install a new anaerobic digestion facility for Defendants (the "Project"), and Defendants agreed to pay Plaintiff the sum of $6,400,000 therefor. Plaintiff agreed that, upon completion of the Project, the retainage under the EPC, up to $640,000 (the "EPC Balance"), could be paid over a period of ten years, subject to approval by Androscoggin Savings Bank and

Coastal Enterprises, Inc., Defendants' senior secured lenders (the "Senior Lenders"). On April 29, 2015, the Senior Lenders executed an Intercreditor Agreement in which Plaintiff "committed to make a loan in the principal amount of up to $640,000 (the 'Quasar Loan') to [Defendants] to finance in part a portion of the permanent financing for the Project," and the parties agreed that "the Quasar Loan will be made upon completion of construction by conversion of retainage due Quasar in the amount of $640,000 to the Quasar Loan." (Kurtz Supp. Aff. at 2 & ¶ 5.) The parties consented to each other's loans and agreed not to challenge the enforceability of any of their respective loan documents. To evidence their obligation to pay the EPC Balance over ten years, Defendants executed and delivered to Plaintiff a Subordinate Secured Promissory Note dated April 30, 2015, in the amount of $640,000 (the "Note").

By email on April 14, 2016, Mikkel Levine, a representative of Defendants, forwarded to Plaintiff an email from Catherine Buffman of Androscoggin Bank indicating that final completion had occurred, requesting final lien waivers from Plaintiff and congratulating Defendants on the successful completion of the project. On June 1, 2016, Plaintiff submitted its final lien waiver. At the time of final completion of the Project, retainage under the EPC totaled $640,000. Following completion of the Project, pursuant to the Intercreditor Agreement, the entire EPC balance was replaced by the Note.

On July 25, 2016, Androscoggin Savings Bank, on behalf of Defendants, paid Plaintiff the sum of $21,697.44 for past due interest under the Note. From August 1, 2016 through March 1, 2018, Defendants made all of the monthly payments of interest as required under the Note.

An Event of Default (as defined in the Note) occurred by reason of the Defendants' failure to pay the installment due on April 1, 2018, which failure continued for twenty days after such due date. By letter dated April 20, 2018, Plaintiff notified Defendants that, by reason of the

occurrence of the Event of Default, Plaintiff had exercised its right to accelerate the balance due under the Note and demanded immediate payment in full of the balance due. Despite demand, payment has not yet been made.

As of June 6, 2018, the balance due under the Note totals $658,387.53, consisting of:

| | |
|---|---|
| Principal: | $640,000.00 |
| Accrued Interest as of 4/1/18: | $4,076.71 |
| Accrued Interest 4/1/18-4/10/18: | $$1,200.00 |
| Accrued Interest 4/11/18-6/6/18: | $12,666.54 |
| Late Charges: | $444.28 |
| Total: | $658.387.53 |

Interest has accrued on said principal amount since said date and continues to accrue thereon at the default rate of 12.5% per annum, or $222.22 per day. In addition, Defendants are liable for payment of Plaintiff's costs of collection, including attorneys' fees and costs. As of June 6, 2018, Plaintiff has incurred costs of collection, including attorneys' fees and costs, of $12,253.70.

As of June 6, 2018, Defendants are indebted to Plaintiff under the Note in the total amount of $670,641.23.

II. Standard of Review

Summary judgment is appropriate if, based on the parties' statements of material facts and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the factfinder must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

## III. Discussion

Hearing no substantive objection from Defendants, the Court makes the following findings.

1. Venue is properly laid in this Court.

2. There are no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law.

3. Defendants VGBLADS, LLC and Village Green Brunswick Landing, LLC are in default under the terms of that certain promissory note dated April 30, 2015, in the original principal amount of $640,000.

4. Plaintiff is owed the following under the Note as of June 6, 2018:

    a. Principal Balance: $640,000.00;

    b. Accrued Interest: $17,943.25;

    c. Late Charges: $444.28; and

    d. Attorneys' Fees and Expenses: $12,253.70.

5. Defendants are further indebted to Plaintiff for the following under the Note:

    a. Additional interest accruing on said principal balance from June 6, 2018 at the rate of $222.22 per day; and

    b. Additional attorneys' fees and expenses incurred after June 6, 2018 related to collection of the Note.

## IV. Conclusion

Based on the foregoing, Judgment is hereby entered against Defendants VGBLADS, LLC and Village Green Brunswick Landing, jointly and severally, in the amount of $670,641.23, plus interest accruing from and after June 6, 2018 at the rate of $222.22 per day, plus attorneys'

fees and costs incurred by Plaintiff from and after June 6, 2018 in connection with collection of the Note.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____10|11|18_____

Lance E. Walker, Justice
Maine Superior Court

**Entered on the Docket:** 10/15/18

MeJ